[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is the defendant, James C. Lyons' Motion to Strike Count Five of the plaintiff's complaint along with the accompanying prayer for relief.
By complaint filed on June 26, 1991, the plaintiff, George Shuster, brings this action against the defendants, James Lyons, David Bacchiocchi, William Griffin and Custom Homes Corporation.
In Count One, the plaintiff alleges that he and defendant Lyons, an attorney, formed a partnership for the purpose of purchasing land for development. The plaintiff alleges that Lyons negotiated and drafted necessary documents with the other defendants, officers of defendant Custom Homes, a construction company, on behalf of the plaintiff and the partnership. The plaintiff further alleges that the defendant breached his fiduciary duty to the plaintiff by entering into secret dealings with the other defendants, thus usurping a business opportunity from the plaintiff.
In Count Two, the plaintiff alleges fraud against defendant Lyons; in Count Three, the plaintiff alleges civil conspiracy against all defendants; and in Count Four, the plaintiff alleges intentional inducement of fiduciary breach against Bacchiocchi, Griffin and Custom Homes.
In Count Five, which is the subject of this motion, the plaintiff alleges that all defendants, as a result of their unfair and deceptive acts and practices, have violated General Statutes42-110a, et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"). CT Page 41
On August 30, 1991, the defendant Lyons filed a Motion to Strike Count Five, and the prayer for relief relating to the CUTPA claim. The defendant makes this motion on the ground that the plaintiff has failed to specifically plead allegations beyond conflict of interest, sufficient to constitute a CUTPA violation against Lyons as an attorney. He further argues that a partnership dispute is adequately addressed in the Uniform Partnership Act, General Statutes 34-39, et seq., and therefore a CUTPA claim is inappropriate and should not apply. The defendant has filed a memorandum of law in accordance with Practice Book 155. The other defendants do not join in this motion.
On September 13, 1991, the plaintiff filed a memorandum in opposition to the motion.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). The court must admit all well-pleaded fact; Kilbride v. Dushkin, 186 Conn. 718, 443 A.2d 922
(1982); and must view them in the light most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1982).
A CUTPA claim must meet one of the following criteria:
 `(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].'
Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 239, 242,520 A.2d 1008 (1987).
In Heslin v. Connecticut Law Clinic of Trantolo and Trantolo,190 Conn. 510, 461 A.2d 938 (1983), the supreme court held that CUTPA applies to the conduct of attorneys. Id., 521.
The plaintiff alleges that the defendant owed him the duties of good faith, trust, highest loyalty and other fiduciary duties in his representation, and that these duties were breached as a result of defendant Lyons' alleged acts of fraud and civil conspiracy.
It appears that the plaintiff has sufficiently alleged a CUTPA cause of action against the defendant. CT Page 42
Further, that by arguing that a CUTPA claim is inappropriate to internal partnership disputes, the defendant ignores the fact that the plaintiff is suing defendant Lyons not as a partner, but as an attorney representing the plaintiff and the partnership.
Accordingly, the plaintiff's CUTPA claim may be maintained against a partner acting as attorney for the partnership. The plaintiff has sufficiently alleged a CUTPA violation, and therefore, the defendant's Motion to Strike is denied.
MAIOCCO, J.